UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NADIA WINSTON | CIVIL ACTION |
| VERSUS | NO: 19-14533 |
| LOFTON SECURITY | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 14)** filed by Defendant Lofton Security, Inc. Plaintiff Nadia Winston opposes the Motion (Rec. Doc. 20). The Motion, set for submission on December 9, 2020, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the **Motion to Dismiss (Rec. Doc. 14)** is **GRANTED** for the reasons set forth below.

### I. Background

On December 11, 2019, Plaintiff Nadia Winston, who is *pro se*, filed her Complaint against Lofton Security asserting claims under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"). (Rec. Doc. 1). Plaintiff alleges discrimination on the basis of gender/sex, pregnancy, and disability, as well as a claim for retaliation. *Id*. In her Complaint, Plaintiff alleges the following:

- "I, Nadia Winston, was terminated after reporting the picture taken of me (Nadia Winston) by Cecily, stating that I could not wear certain attire, to come pick up my check off the clock. Cecily refused to work with my schedule, as Cecily worked with other employees schedule that had a second job. Cecily refused to put me to work."

- "I, Nadia Winston submitted payroll sheets for another employee and I, other employee received her paycheck but I didn't. Employer Gene (payroll) was

contacted via email to resend but Cecily also had access to my payroll stating she couldn't read the timesheets that were scanned into the portal."

- "After reporting Cecily to Baton Rouge office I was fired approximately one month later."

## II. Legal Standard

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*,

129 S. Ct. at 1950).

A document filed *pro se* is "to be liberally construed," and a "*pro se* complaint, 'however inartfully pleaded,' must be held to a 'less stringent standard than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). A *pro se* complaint may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted).

### III.    Discussion

Defendant Lofton Security argues that the Court should dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). (Rec. Doc. 14). Defendants asserts that the facts alleged by Plaintiff in her complaint are not actionable under Title VII. *Id.*

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Singleton v. Tall Timbers Homeowners Ass'n*, No. CV 16-14863, 2016 WL 6892893, at *5 (E.D. La. Nov. 22, 2016). Further, an employer is prohibited from retaliating against an employee for engaging in an activity protected by Title VII. *Brown v. United Parcel Serv., Inc.*, 406 Fed.Appx. 837, 839 (5th Cir. 2010). In order to establish a retaliation claim under Title VII, the plaintiff must show that (1) she engaged in protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse

employment action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012).

Here, Plaintiff's complaint alleges that Cecily, who was presumably a supervisor or co-worker of Plaintiff, refused to work with Plaintiff's schedule, but that Cecily did work with the schedules of "other employees" who had second jobs. (Rec. Doc. 1, Section III(E)). Plaintiff also alleges that she submitted timesheets for herself and another employee, and while the other employee received her paycheck on time, Plaintiff received her paycheck late. *Id.* However, Plaintiff failed to allege that either of the foregoing incidents was discrimination based upon or because of her being a woman, or otherwise actionable under Title VII.

Plaintiff further alleges that she was terminated after reporting Cecily for taking a picture of her over concerns of Plaintiff's work attire. (Rec. Doc. 1. Section III(E)). Like the other incidents, Plaintiff did not allege that her termination was based upon or because of her sex. Thus, she has failed to state a claim for discrimination under Title VII. Plaintiff has also failed to state a claim for Title VII retaliation, because she has not alleged that she engaged in any protected activity.

Additionally, in order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Charles v. Posigen of Louisiana*, No. CV 15-2270, 2016 WL 3365391, at *2 (E.D. La. June 17, 2016) (citing *Prince v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006)). Plaintiff did not identity the date that her employment from Lofton Security was terminated or the dates of any of the other incidents identified in the Complaint. However, in her Charge of Discrimination that she made with the EEOC, Plaintiff alleged that the "dates of discrimination took place" from April 4, 2017 through December 6, 2017, the latter date is

when Plaintiff's employment with Lofton Security was terminated. As Defendant points out, Plaintiff needed to file her charge with the EEOC within 300 days of her termination, which deadline was October 2, 2018. Plaintiff's charge with the EEOC is dated February 2, 2019. Thus, Plaintiff failed to timely file her charge with the EEOC.

Accordingly;

**IT IS ORDERED** that **Defendant's Motion to Dismiss (Rec. Doc. 14)** is **GRANTED**, and the entirety of the complaint in this matter is **DISMISSED** with prejudice.

January 28, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE